IN THE UNITED STATES DISTRICT COURT

                             FOR THE DISTRICT OF OREGON

KENNETH LAWSON,                       )
                                      )
            Plaintiff,                )    Case No. 05-6056-HO
                                      )
        v.                            )    ORDER
                                      )
Commissioner of Social Security,      )
                                      )
            Defendant.                )
_____)

   Plaintiff brings this proceeding pursuant to section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner's final decision denying plaintiff's application for supplemental security income disability benefits. Plaintiff asserts disability due to reduced intellectual functioning and other mental disorders. After a hearing, an administrative law judge (ALJ) determined that plaintiff is not disabled.

   1 - ORDER

Plaintiff contends the ALJ erred in: (1) failing to find that plaintiff meets Listing 12.05C; (2) failing to properly consider lay witness testimony; and (3) failing to prove that plaintiff retains the ability to perform other work.

1. The Listings

The ALJ found that plaintiff suffers from borderline IQ, personality disorder traits, anxiety disorder not otherwise specified, depressive disorder, and alcohol dependence with unreliable self-report of two year's remission. The ALJ found plaintiff to be functionally illiterate. The ALJ found restrictions to be mild to moderate in social functioning, concentration, persistence and pace. The ALJ concluded that plaintiff retains the residual functional capacity to perform unskilled work activity at any exertional level that requires no more than short, simple tasks with no public contact, no crowded work settings, no team-work, and no operation of hazardous machines or equipment or work in hazardous locations. Consequently, the ALJ found that plaintiff could work as a housekeeper, a cleaner or photocopy operator. Tr 313-17.

At step three of the sequential evaluation process, the ALJ determines if a claimant's impairment meets or equals an impairment listed in Appendix 1 to Subpart P of Regulations No. 4. The Listing of Impairments describes specific impairments of each of the major body systems "which are considered severe enough to prevent a person

2 - ORDER

from doing any gainful activity." See 20 C.F.R. § 404.1525. If a claimant meets or equals a listed impairment he will be found disabled at this step without further inquiry. See 20 C.F.R. § 404.1520(d).

To meet a listed impairment, a claimant must establish that he meets each characteristic of a listed impairment relevant to his claim. To equal a listed impairment, a claimant must establish symptoms, signs and laboratory findings "at least equal in severity and duration" to the characteristics of a relevant listed impairment, or, if a claimant's impairment is not listed, then to the listed impairment "most like" the claimant's impairment. 20 C.F.R. § 404.1526.

Plaintiff contends he meets Listing 12.05C based on subaverage intellectual functioning.

Listing 12.05, the listing for mental retardation provides, in part:

> Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22....

20 C.F.R. Pt. 404, Subpt. P. App. 1, § 12.05.

> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied....
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function

3 - ORDER

Id. at § 12.05C.

Plaintiff points to record evidence of a verbal IQ of 67. Tr. 166. Plaintiff also points to record evidence that his intellectual limitations were manifest prior to age 22. Tr. 166 (IQ scores representative of lifelong intellectual functioning); Tr. 683 (school records establish long-term intellectual limitations). In addition, plaintiff points to record evidence of other mental impairments imposing significant work-related functioning. Tr. 314 (ALJ found personality disorder, anxiety disorder, and depressive disorder to be severe).

However,

The evaluation of disability on the basis of mental disorders requires documentation of a medically determinable impairment(s), consideration of the degree of limitation such impairment(s) may impose on your ability to work, and consideration of whether these limitations have lasted or are expected to last for a continuous period of at least 12 months....

The structure of the listing for mental retardation (12.05) is different from that of the other mental disorders listings. <u>Listing 12.05 contains an introductory paragraph with the diagnostic description for mental retardation. It also contains four sets of criteria (paragraphs A through D). If your impairment satisfies the diagnostic description in the introductory paragraph and any one of the four sets of criteria, we will find that your impairment meets the listing.</u> Paragraphs A and B contain criteria that describe disorders we consider severe enough to prevent your doing any gainful activity without any additional assessment of functional limitations. For paragraph C, we will assess the degree of functional limitation the additional impairment(s) imposes to determine if it significantly limits your physical or mental ability to do basic work activities, i.e., is a "severe" impairment(s), as defined in §§ 404.1520(c) and 416.920(c). If the additional impairment(s) does not cause limitations that are "severe"

4 - ORDER

>as defined in §§ 404.1520(c) and 416.920(c), we will not find that the additional impairment(s) imposes "an additional and significant work-related limitation of function," even if you are unable to do your past work because of the unique features of that work. Paragraph D contains the same functional criteria that are required under paragraph B of the other mental disorders listings.

20 C.F.R. Pt. 404, Subpt. P. App. 1, § 12.00A (emphasis added)

Accordingly, plaintiff must also establish a diagnosis of mental retardation in addition to meeting criteria C. In other words, plaintiff must have a diagnosis of mental retardation, an IQ of 60-70, and another severe impairment. The record is devoid of a diagnosis of mental retardation.

The Sixth Circuit has noted,

>As the Commissioner has pointed out, recent amendments to the regulations further clarify that a claimant will meet the listing for mental retardation only "[i]f [the claimant's] impairment satisfies the diagnostic description in the introductory paragraph and any one of the four sets of criteria...."20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(A) as amended by 65 Fed.Reg. 50746, 50776 (August 21, 2000).

Foster v. Halter, 279 F.3d 348, 354 (6th Cir. 2001).

At the hearing, Dr. Susan Dragovitch testified at the hearing that she did not see evidence supporting a diagnosis of mental retardation based on the fact that plaintiff had a history of employment, marriage, and children. Tr. 683-84. Dr. Dragovitch opined that plaintiff's condition did not meet or equal Listing 12.05C and that he had the ability to do simple repetitive work. Tr. 681. The ALJ did not err in failing to find the listing met.

5 - ORDER

2. Lay Witness

Plaintiff's application has previously been remanded to address the testimony of plaintiff's wife, Patricia Lawson. Patricia Lawson had testified[1] that plaintiff had been nervous person since she had known him, he did not go out by himself, he paced a lot, he did not want friends, he did not trust anyone, he instructed family not to answer the door when others dropped by, and he was a hard man to live with. In addition, plaintiff's sister, Dovie Osburn, testified that plaintiff is real nervous around a group of people.

Although ALJ did not directly address the above testimony, the testimony does not establish disability and the ALJ found plaintiff to be limited in social functioning. The ALJ further found that plaintiff could have no public contact, no crowded work settings, and could not engage in team-work. Accordingly, the ALJ did not err with respect to the lay testimony.

3. Other Work

Plaintiff contends that because plaintiff meets the Listings, the ALJ erred in finding plaintiff capable of work. As noted above, the ALJ did not err in this regard.

Plaintiff also contends that the ALJ failed to point to jobs with a level of verbal comprehension that plaintiff possesses.

---

[1] By the time of the second hearing, the Lawsons had divorced and Patricia Lawson was not available to testify.

6 - ORDER

However, the vocational expert testified that a person with plaintiff's verbal comprehension could perform the jobs identified. The ALJ properly relied on the testimony despite apparent conflict with the dictionary of occupational titles which requires the ability to recognize the meaning of 2500 words and reading at the rate of 95-120 words per minute for the jobs indicated. The vocational expert testified that the identified jobs do not actually require reading.

Plaintiff contends the ALJ failed to account for difficulties in hiring procedures which require social interaction, and anxiety. However, the ALJ accounted for plaintiff's limitations by requiring no more than short, simple tasks with no public contact, no crowded work settings, and no team-work. See Tr. 692-94.

## CONCLUSION

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is affirmed and this proceeding is dismissed.

DATED this __17th__ day of __May__, 2006.

             s/ Michael R. Hogan
             UNITED STATES DISTRICT JUDGE

7 - ORDER